IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Robert Ogletree, #2081-409, ) | |
| ) | Civil Action No. 8:05-668-MBS-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| David Cooper, co-owner of Columbia ) Care Center; and Mr. NFN Wyatt, ) co-owner of Columbia Care Center, ) | |
| Defendants. ) | |

The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the plaintiff's Motion to Withdraw Complaint.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff claims that he is a paraplegic and wheelchair bound. He contends that on July 29, 2004, while in a shower at the defendants' facility, he fell from a shower chair because the drain was below the level of the floor. The plaintiff alleges that he was thrown from the chair and broke his thigh as a result.

The plaintiff brought this action on March 7, 2005. He filed an amended Complaint on March 21, 2005, seeking damages from the defendants for injuries he sustained as a result of the fall and for failure to provide him with medical treatment. On July 25, 2005, the

defendants moved for summary judgment. The plaintiff filed this present motion to withdraw his Complaint on August 29, 2005.

## **LAW AND ANAYLSIS**

Although not styled as such, the plaintiff's motion to withdraw his complaint is rightly analyzed as a motion for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2). In deciding a Rule 41(a) motion, a court should consider factors such as: (1) the opposing party's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the movant, (3) insufficient explanation of the need for a voluntary dismissal, and (4) the present stage of litigation. *Miller v. Terramite Corp.*, 114 Fed. Appx. 536, 539 (4th Cir. 2004) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir.1996)). Upon consideration, these factors weigh markedly in favor of denying the plaintiff's request to withdraw his Complaint.

First, the plaintiff has waited over ten months to attempt to withdraw his Complaint. The plaintiff has not given any reason for the delay in requesting dismissal. Second, although no affidavit has been submitted detailing costs incurred, the defendants have mounted a defense including, but surely not limited to, the preparation of an answer, the filing of a motion for an extension of time, the compilation of evidence, and the preparation of a motion for summary judgment. The Court is confident that such efforts have amounted to material expense for the defendants.

Third, the plaintiff's reasons for withdrawal of his Complaint are not compelling. The plaintiff contends that he must withdraw his Complaint because he has been denied access to a law library and legal counsel and has otherwise been placed at a complete disadvantage. The plaintiff's motion to withdraw makes no attempt to explain how he has been denied such resources or what efforts he has made to obtain them. He has attached no affidavit or documentation in support. Regardless of the validity of his substantive complaints, they do not justify or necessitate dismissal. The plaintiff can certainly seek

2

recourse from this Court by way of a motion to compel access to the law library or for appointment of counsel if he believes he has not been afforded his rights under the law. Dismissal, however, is not a reasonable or related cure for the problems alleged.

Finally, the plaintiff has filed his motion to withdraw at a late stage of litigation. Specifically, the plaintiff filed his motion after the defendants had filed their summary judgment motion and the plaintiff's response was due. "[D]enial of voluntary dismissal is appropriate where summary judgment is imminent." *See Davis v. USX Corp.*, 819 F.2d 1270, 1274 (4th Cir.1987) (citing *Pace v. S. Express Agency*, 409 F.2d 331, 334 (7th Cir.1969) (holding that the filing of a motion for summary judgment is an appropriate consideration in denying a motion for voluntary dismissal). The plaintiff cannot require the defendants to put forth a rigorous and expensive defense and then simply withdraw his case, without reasonable justification, when he anticipates an unfavorable ruling. If the complaints in the plaintiff's motion are in fact true, the plaintiff has other means to protect his rights that are less prejudicial to the defendants and more considerate to the principles of judicial economy.

For all these reasons, it would be improvident to grant the plaintiff's request.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the plaintiff's Motion for Withdrawal of Complaint be DENIED.

IT IS SO ORDERED AND RECOMMENDED.

s/Bruce H. Hendricks  
United States Magistrate Judge

January 13, 2006  
Greenville, South Carolina

3